**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BMO Harris Bank NA, | No. CV-22-00547-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Duncan Corley, et al., | |
| Defendants. | |

The parties have filed a joint motion to stay, in which they explain that they entered into a settlement agreement two and a half months ago, "have continuing obligations to one another through July 4, 2023" pursuant to that agreement, and believe it to be "necessary" that the Court retain jurisdiction until that date because "breach by either party of the terms of the Agreement . . . would require intervention of the Court." (Doc. 36.)

As a preliminary matter, the parties should have filed a notice of settlement long ago, as one of the terms of the Court's scheduling order is that "[t]he parties shall promptly notify the Court if settlement is reached." (Doc. 28 at 7.)

Furthermore, it is not "necessary" for the Court to retain jurisdiction over this matter. Although it is true that a federal court *may* retain jurisdiction over a case that has settled, this is not the usual approach. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."). A

request for the Court to retain jurisdiction while the parties fulfill settlement obligations is an assertion that the Court should exercise "ancillary jurisdiction" over a dismissed suit, which the Court can do "to manage its proceedings, vindicate its authority, and effectuate its decrees," so long as the Court expressly reserves jurisdiction. *Id.* at 379-80. Generally, when a case is dismissed, the dismissal order "is in no way flouted or imperiled by [an] alleged breach of the settlement agreement." *Id.* at 380. However, the situation is "quite different if the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381.[1] In that situation, breach of the settlement agreement is a violation of a court order, and "ancillary jurisdiction to enforce the agreement . . . therefore exist[s]." *Id.*

"[I]f parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate." *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). A district court may "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Id. See also Camacho v. City of San Luis*, 359 Fed. App'x 794, 798 (9th Cir. 2009) ("[I]t was the court's prerogative not to retain jurisdiction over any disputes raised by the [settlement].").

---

[1] This is a "consent decree" or "consent judgment." "A consent decree is no more than a settlement that contains an injunction." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) (internal quotation marks and citation omitted). In contrast, "[w]hen the settlement involves no injunctive relief but simply the payment of money, the often-used term is 'consent judgment.'" Anthony DiSarro, *Six Decrees of Separation: Settlement Agreements and Consent Orders in Federal Civil Litigation*, 60 Am. U. L. Rev. 275, 277 n.2 (2010). In other words, a "consent judgment" is merely a run-of-the-mill monetary settlement that carries the full force of a court order. The order can be enforced through the Court's contempt power, *id.* at 277-88, and it ensures that the parties can return to federal court to enforce the settlement, *id.* at 293-95. Where a consent decree includes non-monetary terms providing injunctive relief and the issuing court has been involved in the matter, the judge's familiarity with the case makes a return to federal court beneficial. *Id.* at 295. A consent judgment, on the other hand, merely involves the payment of money and "does not implicate any issues within the expertise of federal judges." *Id.*

Here, the parties "have not attempted to explain why the Court's continued jurisdiction is required" or "why they would be unable to achieve adequate relief in state court—which is the traditional avenue for seeking relief following the breach of a contract" if a breach of the settlement obligations were to occur. *Sw. Fair Hous. Council Inc. v. Maricopa Domestic Water Improvement Dist.*, 2020 WL 1659915, *3 (D. Ariz. 2020). The Court will afford the parties another opportunity to establish that the Court should retain ancillary jurisdiction over this settled action.

Finally, even if the parties persuade the Court to retain jurisdiction over this matter while the parties fulfill their settlement obligations, the appropriate procedure would be to dismiss the action but retain jurisdiction, not to keep the already-settled action open and stayed. A stay is a pause in active litigation, and the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). This case having settled, there will be no going forward at all, and thus there is no active litigation to pause. The proper next step is dismissal. *Hammond Clock Co v. Schiff*, 293 U.S. 529 (1934) (dismissal warranted after settlement).

Accordingly, **IT IS ORDERED** that the motion to stay (Doc. 36) is **denied**.

**IT IS FURTHER ORDERED** that, this case having settled, all hearings and deadlines are vacated.

**IT IS FURTHER ORDERED** that the parties shall, by **February 24, 2023**, file a stipulation of dismissal. If, after review of this order and relevant case law, the parties believe the Court should retain ancillary jurisdiction over the dismissed action, they may include argument in support of this request in their stipulation.

**IT IS FURTHER ORDERED** that if the parties fail to file a stipulation of dismissal seeking retention of ancillary jurisdiction, the action will be dismissed without retention of jurisdiction, and the Clerk of Court shall terminate this action without further order of the Court.

Dated this 13th day of February, 2023.

Dominic W. Lanza
United States District Judge